Filed 4/26/22  P. v. Binns CA2/7
(opinion on transfer from Supreme Court)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301959 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA028021) |
| v. | |
| KEYRON LAMONT BINNS, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Leslie A. Swain, Judge.  Affirmed.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S.

Lee, Chung L. Mar and Amanda Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Keyron Lamont Binns, convicted in 1997 of attempted willful, deliberate and premediated murder (Pen. Code, §§ 187, subd. (a), 664)[1] and other serious felonies, appealed the superior court's order summarily denying his petition for resentencing, contending the court erred in ruling section 1170.95 did not apply to attempted murder.  We affirmed the order based on prior decisions from this and other courts of appeal that had rejected identical arguments.

After granting Binns's petition for review, the Supreme Court transferred the case to us with directions to vacate our prior decision and reconsider Binns's appeal in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  In supplemental briefing Binns again argues the case should be remanded for the superior court to appoint counsel, issue an order to show cause and conduct an evidentiary hearing.

The Attorney General acknowledges, in light of Senate Bill 775's amendments to section 1170.95, it was error for the court to rule on Binns's petition before briefing by the prosecutor and Binns, but argues any error was harmless because Binns is ineligible for resentencing as a matter of law.  We agree with the Attorney General and affirm the order denying Binns's petition: Binns's jury was not instructed on the natural and probable consequences doctrine, and the jury's finding of premeditation necessarily means it concluded he had acted with express malice

_____

[1]     Statutory references are to this code.

2

when committing the crime, making Binns ineligible for resentencing under section 1170.95 as a matter of law.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Binns's Conviction for Attempted Murder*

A summary of the evidence presented at Binns's trial is contained in the Report and Recommendation of United States Magistrate Judge, filed October 17, 2001, recommending the denial of his petition for writ of habeas corpus filed in United States District Court, which Binns attached as one of the exhibits to his petition for resentencing.[3]   According to the magistrate judge, the evidence established that Nichelle Shaw was sitting in her car in the drive-through line at a restaurant at 2:45 a.m. on January 27, 1997 when Binns, pointing a nine-millimeter handgun, and a confederate (who was never identified) approached, forced their way into the car and drove off with her. As they drove, Binns demanded all of Shaw's money and then insisted that Shaw take the men somewhere to get more money. She complied and took them to her uncle's home.

---

[2]     We augmented the record on our own motion to incorporate the record on appeal from *People v. Binns*, B119375, which includes the jury instructions and jury verdicts.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]     The magistrate judge based his factual summary on this court's opinion affirming Binns's convictions (*People v. Binns* (Jan. 26, 1999, B119374) [nonpub. opn.]), noting Binns had "failed to rebut these findings with clear and convincing evidence; therefore, the findings are presumed to be correct."

Binns, who also attached the district court's order adopting the magistrate judge's recommendation and denying the petition for writ of habeas corpus, explained the exhibits "provide[] insight into this Petition."

3

The men entered the uncle's home with Shaw and held the occupants—Shaw's uncle, Malcolm Hardaway, her aunt, Odessa Hardaway, and three cousins—at gunpoint. They took jewelry and other property from the family members. During the several hours the assailants remained in the residence, Binns struck Malcolm Hardaway at least twice and sexually assaulted Shaw.

When Binns attempted to tie the victims with an extension cord, Malcolm Hardaway, fearing he would be killed, attempted to escape through the front door. Both of the perpetrators followed Hardaway to the porch. A scuffle ensued. Odessa Hardaway was able to lock the men outside and called the police emergency number.

During the altercation outside the doorway, Hardaway was able to kick Binns's gun to the curb and ran down the street. Binns yelled, "Smoke that fool,"[4] and Binns's confederate fired several shots at Hardaway but missed.

As the police approached with sirens sounding, Binns and his companion fled to another street, where they approached Francisco Franco at gunpoint, took Franco's car and wallet and fled the area.

At the Hardaway residence the police recovered Binns's jacket, which contained his driver's license. The victims identified Binns as their assailant from the driver's license photograph.

In addition to attempted willful, deliberate and premeditated murder, Binns was charged with, and convicted of, two counts of carjacking, kidnapping for robbery, five counts of robbery, and sexual battery. The jury found true the allegation

---

[4] In our opinion we stated, "One of the robbers yelled, 'smoke that fool,'" rather than identifying Binns as the speaker.

4

Binns had used a firearm in the commission of one of the carjackings and four of the robberies, but not the attempted murder.

We affirmed Binns's convictions but remanded for resentencing. (*People v. Binns* (Jan. 26, 1999, B119375) [nonpub. opn.].) On remand the court sentenced Binns to an aggregate indeterminate state prison term of 195 years to life. We affirmed the judgment. (*People v Binns* (Apr. 17, 2000, B130456) [nonpub. opn.].)

2. *Binns's Petition for Resentencing*

On August 5, 2019 Binns, representing himself, petitioned for resentencing under section 1170.95, filing both a multipage typed document with a supporting memorandum and the printed form petition used by many inmates. On the printed form Binns checked boxes stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019"; "I was not the actual killer," inserting "I was not the Shooter"; and "I was not a major participant in the felony **or** I did not act with reckless indifference to human life during the course of the crime or felony." He did not check boxes stating that he had been charged in a complaint, information or indictment that would allow his prosecution under the natural and probable consequences doctrine or that he had been convicted at trial under the natural and probable consequences doctrine or the box declaring he had not, with the intent to kill, aided or abetted the actual shooter. Binns also did not check the box requesting appointment of counsel, although in the body of his memorandum in support of the petition he did indicate, "appointment of counsel is requested."

5

The superior court summarily denied the petition on September 16, 2019, ruling Binns was ineligible for resentencing because he had not been convicted of murder. Binns filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437, Senate Bill 775 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis, supra,* 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Lewis,* at p. 957; *Gentile,* at p. 843.) As amended by Senate Bill 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)), and direct the prosecutor to file a

6

response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder or manslaughter conviction and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At the hearing the prosecutor has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (d)(3).)  The court may consider evidence previously admitted at any prior hearing or trial "that is admissible under current law," including testimony and stipulated evidence.  (*Ibid.*)  The petitioner and the prosecutor may also offer new or additional evidence.  (*Ibid.*)

2.  *Binns Is Ineligible for Resentencing as a Matter of Law*

Under *Lewis*, *supra*, 11 Cal.5th 952, decided two months after our original decision affirming the order summarily denying Binns's petition for resentencing, once a petitioner files a facially sufficient petition under section 1170.95 and requests appointment of counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c).  (*Lewis*, at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon filing of a compliant petition"].)  And, as discussed, among other changes, Senate Bill 775 amended section 1170.95, subdivision (a), to expressly permit relief for petitioners convicted

7

of "attempted murder under the natural and probable consequences doctrine" if they could not now be convicted of attempted murder because of changes to sections 188 and 189 effected by Senate Bill 1437.

In light of *Lewis* and Senate Bill 775, it may have been error to summarily deny Binns's petition for resentencing without appointing counsel and permitting an initial round of briefing. We say "may have been," rather than "was," because Binns's failure to check boxes on his form petition establishing his eligibility for relief arguably would have justified the superior court in immediately denying his petition without prejudice pursuant to section 1170.95, subdivision (b)(2).

But even if error occurred, a remand is not necessary in this case. Although the superior court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis*, *supra*, 11 Cal.5th at page 971, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." The *Lewis* Court also held a superior court's procedural errors prior to assessing whether a petitioner has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 957, 973-974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing.""" (*Id.* at

8

p. 974.)  Here, the jury's instructions and verdict—part of the record of conviction now included in the record on appeal[5]— unquestionably establish that Binns was neither tried nor convicted on a non-invalid theory of accomplice liability.

To reiterate, section 1170.95 permits resentencing relief for individuals found guilty of attempted murder only if they were convicted under the natural and probable consequences doctrine "or other theory under which malice is imputed to a person based solely on the person's participation in a crime."  At Binns's trial the court instructed the jury, pursuant to CALJIC No. 3.00, that a principal in the crime includes those who aid and abet the commission or attempted commission of the crime and that each principal, regardless of the extent or manner of participation, is equally guilty.  It then instructed with CALJIC No. 3.01 that a person aids and abets the commission or attempted commission of a crime when he or she "(1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) by act or advice aids, promotes, encourages or instigates the commission of the crime."[6]  The court did not give CALJIC No. 3.02 or any other instruction on accomplice liability under the natural and probable consequences doctrine.

With respect to the charge of attempted murder, the court instructed that, to prove the offense, the People had to establish "[a] direct but ineffectual act was done by one person towards killing another human being;" and "[t]he person committing the

---

[5]     See footnote 2.

[6]     During deliberations the jury asked, "Are the law clauses 3.00 and 3.01 applicable to all counts[?]"  The court answered, "Yes."

9

act harbored express malice aforethought, namely a specific intent to kill unlawfully another human being." The court also instructed on the meaning of "willful," "deliberate" and "premeditated" as alleged in connection with the attempted murder charge.

Based on the instructions given and the guilty verdict on attempted willful, deliberate and premeditated murder, the jury necessarily found that Binns, although not the shooter, was a direct aider and abettor who acted with express malice—that is, he knew his confederate intended to kill Hardaway when shooting at him and encouraged or aided that unlawful act with the intent of facilitating its commission. Malice was not imputed to Binns. As such, he was ineligible for resentencing relief as a matter of law, and his petition for resentencing was properly denied without issuance of an order to show cause. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [petitioner is ineligible for relief as a matter of law if the record of conviction establishes he or she was not convicted under a theory of liability affected by Senate Bill 1437's amendments to the law of murder].)

Because there is no reasonable probability Binns would obtain a more favorable result if the matter were remanded and counsel appointed and given the opportunity to file a memorandum supporting the petition, any errors in summarily denying Binns's petition were harmless. (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

## DISPOSITION

The order denying Binns's petition is affirmed.


                        PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.